UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MELISSA WALTKE,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------------------X

21 Civ. 2822 (AEK)

**DECISION AND ORDER**

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Currently before the Court is Plaintiff Melissa Waltke's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Plaintiff filed applications for Social Security disability benefits and Supplemental Security Income benefits with the Social Security Administration ("SSA") in December 2016, with a claimed disability onset date of February 8, 2011. ECF No. 16 (Certified Administrative Record) at 28, 247, 249. After the SSA denied her claim, *see id.* at 114-119, Plaintiff requested a hearing before an administrative law judge ("ALJ"), *see id.* at 120-21, and a hearing was held before ALJ Edward Evans on August 14, 2019, *id.* at 53-81. ALJ Edwards issued a decision on August 28, 2019, finding that Plaintiff was not disabled. *Id.* at 28-39. On August 28, 2020, the SSA'S Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 13-15.

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 15.

On November 30, 2020, Plaintiff entered into a retainer agreement with attorney Lewis Insler to pursue an appeal in federal court of the SSA's denial of her application for benefits. *See* ECF No. 23 ("Insler Aff.") ¶ 2 & ECF No. 23-1 ("Retainer Agreement"). Pursuant to the Retainer Agreement, Plaintiff agreed to pay Mr. Insler 25 percent of any past-due benefits resulting from successful litigation of her claims. *Id.*

Plaintiff filed her complaint in this action on April 1, 2021. ECF No. 1. The Commissioner filed the administrative record on August 23, 2021, ECF No. 16, and on August 25, 2021, the parties filed a proposed stipulation and order of remand, ECF No. 17. The Court signed the stipulation on August 26, 2021, ECF No. 18, judgment was entered on behalf of Plaintiff that same day, ECF No. 19, and the case was remanded to the SSA for further proceedings. Mr. Insler did not file a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Insler Aff. ¶ 6.

Upon remand to the SSA Plaintiff was ultimately found to be disabled, and the SSA issued a Notice of Award ("NOA") to Plaintiff on February 15, 2026 setting forth the benefits she would be receiving. Insler Aff. ¶ 3 & ECF No. 23-2 (NOA). The NOA indicated that the SSA had withheld $33,571.25—25 percent of Plaintiff's total past-due benefits—for payment of attorneys' fees. Insler Aff. ¶ 4 & NOA at 4.

Mr. Insler filed the instant motion, which seeks $3,571.25 in attorneys' fees, on February 20, 2026. ECF Nos. 20-23. On March 5, 2026, the Commissioner filed a response to the motion in his limited role "'resembling that of a trustee for the claimant[ ].'" ECF No. 24 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commissioner did not take a specific position with respect to the fee request. *Id.* at 2 ("Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)."). The Commissioner's letter did

identify two issues bearing on the Court's determination of the motion—one regarding whether certain time entries from Mr. Insler's records were for work properly attributable to this action, and one regarding the absence of a motion for EAJA fees. *See* ECF No. 24 at 1-2. In an order dated March 5, 2026, the Court directed Mr. Insler to address these matters, *see* ECF No. 25, and Mr. Insler promptly did so by letter dated March 8, 2026, *see* ECF No. 26.

## DISCUSSION

### I. Legal Standard

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019). Pursuant to Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

### II. Analysis

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security

case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* at 852-53 (quotation marks omitted). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields*, 24 F.4th at 853 (cleaned up). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, the requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Retainer Agreement.

The Court turns next to the reasonableness factors. First, the fee is in line with the character of the representation and the results achieved. After bringing this action to challenge the denial of benefits, Mr. Insler was able to secure the Commissioner's agreement to remand the case to the SSA for further proceedings before even having to file a brief, and after remand,

Plaintiff was found to be disabled and entitled to receive benefits, *see* Insler Aff. ¶ 3; *see, e.g.*, *Shrack v. Saul*, No. 16-cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where "plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand," fee was in line with character of representation and results achieved).

Second, Mr. Insler did not cause any unreasonable delay in this action—indeed, he obtained a stipulated remand prior to any motion practice, avoiding any delay altogether.

Third, with respect to the "windfall" factor, counsel's requested fee of $3,571.25 is not inappropriately large in light of the 6.86 hours that Mr. Insler devoted to the case and the successful result that was achieved. *See* Insler Aff. ¶¶ 3, 8; ECF No. 23-3 ("Timesheet").[2] For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort taken to achieve that result." *Fields*, 24 F.4th at 854-55.

Mr. Insler is a duly licensed attorney who has worked for many years on Social Security disability cases, and possesses the requisite ability and expertise in this field, *see* Insler Aff. ¶ 1; a review of this District's Electronic Case Filing system reveals that Mr. Insler, whose current office mailing address is in Asheville, North Carolina, has been counsel of record on more than 200 Social Security disability appeals in this District alone. Mr. Insler performed 6.86 hours of

[2] The Commissioner noted a potential issue with respect to 0.4 hours of time billed by Mr. Insler for work performed in January and August 2022. *See* ECF No. 24 at 1 n.1. Upon review of Mr. Insler's explanation of these time entries, *see* ECF No. 26 at 1, the Court is persuaded that this time should be counted as part of Mr. Insler's representation of Plaintiff in this matter.

work on this matter, including reviewing the ALJ's decision and drafting the complaint, and was able to secure a stipulated remand without even having to file a brief. *See* Timesheet. Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). The hours Mr. Insler worked on this matter fall well below this range, and reflect counsel's significant experience in these types of cases. In addition, this Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of the representation. Indeed, counsel's efforts led to the reversal of the Commissioner's denial of benefits and contributed to Plaintiff receiving a significant award of past-due and future benefits. *See* NOA at 2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Moreover, contingency agreements, like the one at issue here, present risks of non-payment—"payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 855-56 (quotation marks omitted). The award amount sought here appropriately reflects that risk.

Turning to the *de facto* hourly rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a *de facto* hourly rate of $520.59 per hour ($3,571.25 for a total of 6.86 hours worked by counsel). This rate is significantly below the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields* and many other *de facto* hourly rates approved by various courts within this Circuit. *See* 24 F.4th at 854-57; *see also id.* at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100).

Mr. Insler's decision not to file for EAJA fees following the August 26, 2021 remand, however, warrants a deduction in the total amount of fees he seeks to recover pursuant to Section

406(b). *See Fortier v. Comm'r of Soc. Sec.*, No. 17-cv-1969 (KMK) (AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024), *adopted by* 2025 WL 903681 (S.D.N.Y. Mar. 25, 2025). "[C]ounsel's failure to timely file an EAJA application has been well-recognized by courts of this Circuit as a factor that weighs on the determination of whether an attorney's fee application under § 406(b) is reasonable." *George A. v. Comm'r of Soc. Sec.*, No. 20-cv-1007 (EAW), 2023 WL 2480572, at *2 (W.D.N.Y. Mar. 13, 2023). "While an attorney is by no means required to apply for EAJA fees in every case, his [or her] failure to do so in certain cases may bear on the reasonableness of any future fee he [or she] requests under the [Social Security Act]." *Gallo v. Astrue*, No. 10-cv-1918 (JG), 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011). Courts in this Circuit have found that when a plaintiff's counsel fails to file a request for EAJA fees, and then subsequently files a request for Section 406(b) fees, counsel has harmed the client because the client would have been entitled to the lesser of the two fee awards if both were granted. *Blair v. Colvin*, No. 11-cv-404 (GLS) (GHL), 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014); *see Gisbrecht*, 535 U.S. at 796 (while fee awards may be made under both the EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee" (cleaned up)). "Where an EAJA application would have succeeded, each dollar that would have [been] awarded under the EAJA (up to the amount requested under the [Social Security Act]) is a dollar the claimant should receive but does not." *Gallo*, 2011 WL 5409619 at *2. "A successful application for EAJA fees saves the plaintiff money, and if the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error." *Blair,* 2014 WL 3891321, at *1 (cleaned up).

With respect to a potential EAJA application following the August 26, 2021 remand, Plaintiff was a prevailing party in this action upon the remand. *See Finch v. Saul*, No. 17-cv-892

(OTW), 2020 WL 1940308 at *2 (S.D.N.Y. Apr. 22, 2020) ("A litigant who has received a remand is a prevailing party."); *Gallo*, 2011 WL 5409619 at *3 ("The Supreme Court has made clear that a claimant who has obtained a [42 U.S.C. § 405(g)] sentence-four remand is a 'prevailing party' for purposes of the EAJA and is eligible to apply for EAJA attorney's fees.") (citing *Shalala v. Schaefer,* 509 U.S. 292, 300-02). Mr. Insler states that he does not know why he did not file an application for EAJA fees following the August 26, 2021 remand, and seems to suggest that it was an oversight. ECF No. 26 at 2.

Since there is no substantive explanation for the decision not to seek EAJA fees, the Court finds that Mr. Insler should have sought fees and expenses pursuant to the EAJA for the 3.68 hours of work he completed prior to the August 26, 2021 remand. Employing the average annual EAJA hourly rates for this region for the different years in which Mr. Insler performed his work—2020 ($212.40 per hour) and 2021 ($219.45 per hour), *see Federal Equal Access to Justice (EAJA) Hourly Rates Based on Cost of Living Adjustment (COLA) for New York-Newark-Jersey City, NY-NJ-PA,* available at https://empirejustice.org/wp-content/uploads/2024/06/Federal-EAJA-Hourly-Rates-03-96-05-24.pdf [https://perma.cc/D528-5TDW] (last visited July 16, 2026)—the EAJA fee award that he could have recovered totals $792.42.[3]

In light of these additional circumstances, the full Section 406(b) fee award of $3,571.25 requested by Mr. Insler would not be reasonable in this case. Rather, the award must be reduced by the amount of EAJA fees that almost certainly would have been awarded to Mr. Insler had he

[3] Based on Mr. Insler's time records for this case, *see* Timesheet, the breakdown of the potential EAJA fee award is as follows:

2020—2.15 hours x $212.40 = $456.66
2021—1.53 hours x $219.45=$335.76.

applied for them following the August 26, 2021 remand. *See George v. Comm'r of Soc. Sec.*, No. 23-cv-4918 (RWL), 2025 WL 3551521, at *1 (S.D.N.Y. Dec. 11, 2025) (reducing Section 406(b) fees by the amount of EAJA fees plaintiff likely would have received had he filed an EAJA request); *Lenahan v. Comm'r of Soc. Sec.*, No. 24-cv-0116 (PKC), 2025 WL 1284297, at *4 (E.D.N.Y. May 2, 2025) (same). Therefore, the Court finds that an award of $2,778.83 ($3,571.25 - $792.42) is reasonable.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorneys' fees is GRANTED IN PART AND DENIED IN PART. Mr. Insler is hereby awarded $2,778.83.

Dated: July 16, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge